UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00234-TBR

DOUGLAS W. GREENE                                                                              PLAINTIFF

v.

IPA/UPS SYSTEM BOARD OF ADJUSTMENT                                   DEFENDANT

and

UNITED PARCEL SERVICE CO. and                           INTERVENOR DEFENDANTS
INDEPENDENT PILOTS ASSOCIATION

**Memorandum Opinion and Order**

This matter is before the Court upon Plaintiff Douglas W. Greene's "Motion for Recusal and Discipline Against Intervenor Counsel." [DN 102.] Intervenor Defendant United Parcel Service Co. has responded, [DN 103], and Greene has replied, [DN 106]. Greene's motion is now ripe for adjudication. For the following reasons, Greene's motion to recuse [DN 102] is DENIED.

**Background**

This case and its companion cases, *Greene v. Frost Brown Todd, LLC, et al.*, No. 3:14-CV-00619, and *Greene v. Independent Pilots Association, et al.*, No. 3:14-CV-00628, arise from Douglas Greene's dismissal from his employment as a pilot for UPS. In this case, Greene seeks to overturn the IPA/UPS System Board of Adjustment's determination that he was properly terminated for cause. UPS is represented by attorney John A. Klages of Quarles & Brady, LLP. In his instant motion, Greene seeks to disqualify Klages, alleging that Klages failed to properly

comply with this Court's requirements to appear *pro hac vice*, and that Klages has violated the Kentucky Rules of Professional Conduct. See [DN 102.]

## Standard of Review

District courts possess broad discretion when deciding whether counsel for one of the parties before it should be disqualified. *See Moses v. Sterling Commerce (America), Inc.,* 122 F. App'x. 177, 183 (6th Cir. 2005). "[D]isqualification is a drastic measure which courts should be hesitant to impose except when absolutely necessary[,]" *Zurich Ins. Co. v. Knotts,* 52 S.W.3d 555, 560 (Ky. 2001), because "the ability to deny one's opponent the services of capable counsel[] is a potent weapon." *Manning v. Waring, Cox, James, Sklar & Allen,* 849 F.2d 222, 224 (6th Cir. 1988).

## Discussion

The Court need not recuse UPS's attorney John Klages in this case. Although Klages initially provided a certificate of good standing that was more than ninety days old, Greene has not shown that he has suffered any prejudice by allowing Klages to represent UPS in this case. Additionally, Klages has tendered a current certificate that indicates he has no disciplinary record with the Supreme Court of Illinois. Finally, Greene cites no evidence showing that Klages has engaged in misconduct in this case. Therefore, Greene's motion to recuse Klages must be denied.

First, Greene contends that Klages should be recused for failing to comply with the Court's *pro hac vice* appearance requirements. Greene correctly points out that to be granted leave to practice in a particular case, an attorney must

"attach a certificate of good standing . . . issued no more than ninety (90) days before the filing of the motion." LR 83.2(a)(1). Here, Klages moved to appear *pro hac vice* on August 18, 2015, but provided a certificate of good standing issued by the Supreme Court of Illinois on April 14, 2015. *See* [DN 8.] As Klages admits, his certificate was therefore stale at the time of his motion. Klages explains this mistake in UPS's response to Greene's motion, stating that his motion to appear was filed later than he initially anticipated. [DN 103 at 2.] According to Klages, when UPS learned of Greene's initial filing in March 2015, he began securing a certificate of good standing. [*Id.*] However, UPS was not served with Greene's amended pleading until August 18, 2015, and Klages moved to appear on the same day. [*Id.*] The Court granted Klages' motion on August 19, 2015. [DN 9.]

Greene did not object to Klages' motion to appear at the time it was filed, and more than a year has passed since the Court granted Klages permission to represent UPS in this case. Greene has not explained how this technical mistake has prejudiced him in any way. Moreover, Klages has tendered a certificate of good standing issued on October 13, 2016, as well as a letter from the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois stating that Klages has never been disciplined. [DN 103-1; DN 103-2.] These documents answer any questions that may have existed regarding Klages' disciplinary history in Illinois.

Second, Greene alleges that Klages has violated Kentucky Supreme Court Rule 3.130(8.4). That Rule states:

> It is professional misconduct for a lawyer to:
>
> (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
>
> (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
>
> (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
>
> (d) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or
>
> (e) knowingly assist a judge or judicial officer in conduct that is a violation of applicable Rules of Judicial Conduct or other law.

Ky. S. Ct. R. 3.130(8.4). In turn, the Court's Local Rules require attorneys appearing *pro hac vice* to "consent[] to be subject to the jurisdiction and rules of the Kentucky Supreme Court governing professional conduct." LR 83.2(a)(3). This Court has the authority to discipline attorneys for violating the Kentucky Supreme Court Rules or for any other "unprofessional conduct in the matter pending before the Court." LR 83.3(a).

In his motion, Greene levels multiple accusations of misconduct against Klages and UPS. For instance, he states, "Mr. Klages has no reservation committing countless acts warranting discipline up to and including imprisonment." [DN 102 at 5.] Similarly, Greene claims that "John Klages on behalf of United Parcel Service knowingly and willfully committed gross misconduct in violation of all tenets an Officer of the Court is supposed to give the utmost respect." [*Id*. at 10.] If these statements were true, this Court might be justified in disciplining

4

UPS's attorneys under SCR 3.130(8.4(c)), which states that attorneys may not "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." But Greene fails to support his allegations with substantive proof. Rather, Greene makes only conclusory accusations, and does not explain how Klages has violated the Rules of Professional Conduct. Greene also does not cite any substantive evidence demonstrating that Klages has engaged in misconduct before the Court. These bare, unsupported accusations cannot provide the basis for the drastic remedy of disqualification.

## Order

For the foregoing reasons, IT IS HEREBY ORDERED:

Plaintiff Douglas W. Greene's motion to recuse Intervenor Defendant UPS's legal counsel [DN 102] is DENIED.

CC: Counsel of Record
Douglas Greene, *pro se*