UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00234-TBR

DOUGLAS W. GREENE                                                                               PLAINTIFF

v.

IPA/UPS SYSTEM BOARD OF ADJUSTMENT                                      DEFENDANT

and

UNITED PARCEL SERVICE CO. and                        INTERVENOR DEFENDANTS
INDEPENDENT PILOTS ASSOCIATION

## Memorandum Opinion and Order

This matter is before the Court upon Plaintiff Douglas W. Greene's motion for reconsideration of this Court's Order denying Greene leave to file excess pages. [DN 122.][1] Intervenor Defendants United Parcel Service Co. and Independent Pilots Association have responded, [DN 123; DN 124], and Greene has replied, [DN 125]. For the following reasons, Greene's motion [DN 122] is DENIED.

## Background

This case and its companion cases, *Greene v. Frost Brown Todd, LLC, et al.*, No. 3:14-CV-00619, and *Greene v. Independent Pilots Association, et al.*, No. 3:14-CV-00628, arise from Douglas Greene's dismissal from his employment as a pilot for UPS. In this case, Greene seeks to overturn the IPA/UPS System Board of Adjustment's determination that he was properly terminated for cause. UPS and IPA have moved for summary judgment. [DN 12; DN 22.] Greene responded to

---

[1] Greene actually filed two motions for reconsideration. [DN 120; DN 122.] He moved to strike the first because of a typographical error. [DN 121.] That motion will be GRANTED.

both motions, [DN 50], and both UPS and IPA replied, [DN 72; DN 70]. Additionally, Greene submitted two additional documents raising new arguments not contained in his initial response, effectively functioning as sur-replies filed without leave of the Court. [DN 75; DN 79.] The Court allowed IPA and UPS to respond to these additional filings, and they did. [DN 86; DN 87; DN 91; DN 93.] Pursuant to the Court's August 16, 2016 Order, briefing on the Intervenor Defendants' motions for summary judgment is closed. [DN 76.]

After briefing closed, Greene filed a motion for leave to file excess pages, [DN 94], accompanied by an additional 135-page brief and 747 pages of supporting material. *See* [DNs 95-100.] Those filings purported to respond to [DN 91], UPS's last brief. UPS responded to Greene's motion, [DN 101], and Greene replied, [DN 102]. Additionally, IPA also filed a response opposing Greene's motion for leave to file excess pages. [DN 104.] The Court denied Greene's motion, citing the fact that Greene's proposed memorandum was untimely, duplicitous, and in excess of this Court's local rules regarding page limits. [DN 102 at 2-3.] Shortly thereafter, Greene filed the instant motion, asking the Court to reconsider its denial of Greene's motion for leave to file excess pages. [DN 122.] Both UPS and IPA oppose Greene's motion. [DN 123; DN 124.]

## Discussion

Greene presents two principal arguments in support of his motion to reconsider. First, he argues that his motion for leave to file excess pages was not ripe for adjudication at the time the Court issued its Order. [DN 122 at 2.]

Second, Greene believes that, because the Court previously allowed UPS to exceed this Court's page limits, *see* [DN 76], it must allow Greene to do the same. [DN 122 at 2-3.] As explained below, neither argument has merit.

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). "A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). Although the Federal Rules of Civil Procedure do not provide expressly for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e). *E.g.*, *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990); *Taylor v. Colo. State Univ.*, Civil Action No. 5:11-CV-00034-TBR, 2013 WL 1563233, at *8-9 (W.D. Ky. Apr. 12, 2013).

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). As another district court in this Circuit put it, "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for

3

reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch*, No. 5:09-cv-1575, 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted). Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on one of four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, Civil Action No. 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

First, Greene argues that his motion for leave to file excess pages was not ripe at the time the Court ruled upon it. Greene is correct that, at the time of the Court's ruling, he had not yet had the opportunity to reply to IPA's response opposing his motion. However, Greene's proposed 135-page reply memorandum purported to respond only to UPS's last brief. *See* [DN 95 at 1 (entitled "**PLAINTIFF'S REPLY TO UPS RESPONSE TO PLAINTIFF'S NOTICE OF FILING ADDENDUM OF PERJURY FOR INTERVENOR'S REPLIES TO**

4

**PLAINTIFF'S RESPONSE TO INTERVENOR'S MOTION FOR SUMMARY JUDGMENT**") (emphasis in original).] UPS responded to Greene's motion for leave to file that proposed memorandum, [DN 101], and Greene replied to UPS's response, [DN 102]. Because Greene's filing pertained only to UPS, IPA's response to Greene's motion was unnecessary. Aside from acknowledging its existence, the Court did not cite IPA's response in its Order denying Greene's motion. *See* [DN 105.] IPA's superfluous response did not render this Court unable to rule upon Greene's already-ripe motion.

Second, Greene contends that the Court treated him unfairly by denying his motion, when it earlier granted UPS's motion for leave to file excess pages. While Greene's argument seems attractive on its face, upon closer inspection, UPS's motion and Greene's motion were procedurally and substantively different. In its motion, UPS sought leave to file a reply to Greene's response to UPS's motion for summary judgment that exceeded the fifteen pages allowed by the Court's local rules. [DN 73 at 1 (citing LR 7.1(d)).] Unlike Greene's proposed memorandum, UPS's reply was a filing expressly allowed by the local rules. In contrast, Greene's proposed memorandum is not contemplated by the local rules or the Federal Rules of Civil Procedure. UPS's motion for summary judgment, the filing to which Greene's proposed memorandum pertains, became ripe for adjudication upon the filing of UPS's reply. [DN 72.] As noted above, Greene then filed two documents, [DNs 75 and 79], which effectively functioned as sur-replies. Because UPS and IPA made the initial motions, and because Greene's sur-replies raised new

arguments, the Court allowed them to file responses to Greene's sur-replies, or sur-sur-replies. [DN 86; DN 87; DN 91; DN 93.] Thus, Greene's proposed memorandum, [DN 95], is actually a sur-sur-sur-reply. While not the first recorded instance of such a filing, Greene's proposed memorandum is indeed of a rare breed. *See, e.g., United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 35 (D.D.C. 2007) ("[Defendant's] opposition brief was really just a rehash of HCA's argument in support of its motion to dismiss, and thus was in effect a sur-surreply, to which relator, for some reason, saw fit to reply, leaving this Court as the owner of what may be the world's first sur-sur-surreply, a position in which no Court should ever find itself."). Although there may be an extraordinary case that calls for six rounds of argument on a single motion, the Court is satisfied that this is not such a case.

Additionally, when UPS sought leave to file excess pages, it was replying to Greene's 140-page response, which itself exceeded the Court's specified page limitations. *See* LR 7.1(d) (limiting motions and responses to forty pages). Greene, however, filed his 135-page proposed memorandum in response to [DN 91], UPS's sur-sur-reply that contained only 15 pages of argument. Finally, UPS sought only to exceed the reply page limit by eleven pages. [DN 73 at 2.] Greene's proposed sur-sur-sur-reply, on the other hand, exceeds the page limit contained in LR 7.1(d) by a factor of nine.

In sum, Greene has not pointed to any "clear error of law[,] newly discovered evidence[,] [or] an intervening change in controlling law" that would require this

6

Court to vacate and reverse its Order denying Greene leave to file excess pages. *Leisure Caviar*, 616 F.3d at 615. Nor has Greene demonstrated that declining to consider his 135-page proposed memorandum would constitute a "manifest injustice" prejudicing his case in any meaningful way. *Id*. This is not one of the "extraordinary" circumstances in which a motion for reconsideration should be granted. *Marshall*, 2007 WL 1175046 at *2.

## Order

For the foregoing reasons, Greene's motion to strike [DN 121] is GRANTED. The Clerk is directed to strike [DN 120] from the record. Greene's motion for reconsideration [DN 122] is DENIED.

CC: Counsel of Record
Douglas Greene, *pro se*